# In the United States Court of Federal Claims

No. 22-1221

Filed: March 6, 2023

|  |  |
|---|---|
| ZAR EL JAVON-MARTISE THOMAS BEY, | ) ) ) ) |
| *Plaintiff*, | ) ) ) |
| v. | ) ) ) |
| THE UNITED STATES, | ) ) ) |
| *Defendant.* | ) ) ) |

## OPINION AND ORDER

      Zar EL Javon-Martise Thomas Bey alleges that he was "unlawfully interrogated, detained, arrested and incarcerated as a result of the actions of the Spring Lake Police Officers serving an unlawful warrant against Mr. Thomas Bey." ECF No. 1 ¶ 1. He also complains of other wrongs he alleges were committed by other employees of the Spring Lake Police Department, Anoka County, Minnesota, or the lawyers and judge presiding over state court matters in Minnesota. As a result of these alleged wrongs, Plaintiff seeks $700,000 for "unlawful detention" (a rate of $25,000 per hour for the 28 hours he was held), $75,000 for "false arrest / imprisonment," $75,000 for "kidnapping / harassment," and $25,000 for "coercion / duress to comply." ECF No. 1 at Prayer for Relief. Plaintiff captions his action against the "State of Minnesota County of Anoka" and styles it a "tort claim complaint." The Government moves to dismiss for lack of subject matter jurisdiction.

      This Court has jurisdiction to hear monetary claims against the United States "founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States . . . not sounding in tort." 28 U.S.C. § 1491(a)(1). It is Plaintiff's burden to establish this Court's jurisdiction by a preponderance of evidence. *Haynes v. United States*, 122 Fed. Cl. 166, 169 (2015); *see also Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987). When deciding the motion to dismiss, the Court "must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011). Although the Court affords pro se litigants leniency, Plaintiff must still establish the Court's jurisdiction. *Bernard v. United States*, 59 Fed. Cl. 497, 499 (2004). If the Court determines it lacks jurisdiction, it must dismiss the case. RCFC 12(h)(3).

      Because the Court lacks jurisdiction over this case, it must be dismissed. First, Plaintiff brings his claims against officers of a local police department and Minnesota state officials—he

names only the State of Minnesota and the County of Anoka as the defendants to his case.  ECF No. 1 at 1 (caption).  And all his allegations are against state and local employees.  *E.g.*, *id*. ¶¶ 1-14.  But this Court lacks jurisdiction over claims against any defendant other than the United States.  *United States v. Sherwood*, 312 U.S. 584, 588 (1941) ("[I]f the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court."); *Fullard v. United States*, 78 Fed. Cl. 294, 301 (Fed. Cl. 2007) ("[T]he Court of Federal Claims does not have jurisdiction to hear claims against states or state officials."); *Moore v. Public Defenders Office*, 76 Fed. Cl. 617, 620 (2007) (explaining the Court has no jurisdiction to entertain claims against "local, county, or state agencies, rather than [F]ederal agencies").  Because Plaintiff does not bring any claim against the United States, the Court lacks subject matter jurisdiction over his complaint.

Second, Plaintiff's claims sound in tort.  Indeed, he styles his complaint a "tort claim complaint" and seeks damages for unlawful detention, false arrest / imprisonment, kidnapping / harassment, and coercion / duress to comply.  All these claims sound in tort.  *Myles v. United States*, No. 2021-1758, 2022 WL 126911, at *3 (Fed. Cir. Jan. 13, 2022) ("[A] malicious prosecution claim . . . is a tort claim."); *Krukowski v. United States*, 129 Fed. Cl. 440, 443 (2016) ("Claims of false arrest, abuse and negligence sound in tort."); *Medved v. United States*, No. 19-1665C, 2020 WL 570884, at *2 (Fed. Cl. Feb. 5, 2020) ("[U]nlawful detainment sounds in tort.").  Because this Court's jurisdiction does not include any claims sounding in tort, it lacks jurisdiction over Plaintiff's tort claims.  28 U.S.C. § 1491(a)(1).

Third, Plaintiff references 28 U.S.C. § 1495, which grants this Court jurisdiction over "any claim for damages by any person unjustly convicted of an offense against the United States and imprisoned."  But Section 1495 does not provide jurisdiction in this case because Plaintiff does not allege that he was convicted of any crime, much less a federal crime.  And to bring a claim under Section 1495, Plaintiff must allege and prove that his conviction has been set aside or he was pardoned for actual innocence.  28 U.S.C. § 2513.  Because Plaintiff fails to allege any of this or provide a certificate of innocence, Section 1495 does not provide jurisdiction to hear his case.

Finally, even if the Court had jurisdiction, it would dismiss the case.  The Government moved to dismiss this case on December 23, 2022.  ECF No. 11.  Under the Court's Rules, Plaintiff had until January 20, 2023, to respond to the Government's motion.  RCFC 7.2(b).  Plaintiff has not responded.  Therefore, dismissal is also proper under RCFC 41(b) on the Court's motion for failure to prosecute.

For the reasons explained above, the Court GRANTS the Government's motion to dismiss, ECF No. 11.  The Court GRANTS Plaintiff's motion for leave to proceed in forma pauperis, ECF No. 2.  The Clerk's Office shall enter judgment accordingly.

IT IS SO ORDERED.

s/ Edward H. Meyers  
Edward H. Meyers  
Judge